**Dane Allen DAY, Petitioner—Appellee,**

v.

**W.A. DUNCAN, Warden, Respondent— Appellant.**

No. 03–55400.

D.C. No. CV–01–00135–VAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2004.

Submission Withdrawn March 8, 2004.

Resubmitted Jan. 19, 2005.*

Decided Jan. 21, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Philip M. Brooks, Berkeley, CA, for Petitioner–Appellee.

Robert M. Foster, Office of the California Attorney General, San Diego, CA, for Respondent–Appellant.

Before KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

W.A. Duncan, a warden for the State of California, appeals the federal district court's grant of habeas relief to Dane Allen Day on the ground that the State of California admitted hearsay evidence against Day in violation of the Confrontation Clause.

Federal courts may grant habeas relief if a state court determination was either an objectively unreasonable application of United States Supreme Court precedents or if it contradicted those precedents. 28 U.S.C. § 2254(d) & (e) (2000). Objective unreasonableness is more than mere error or clear error. *Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). State court ignorance or omission of applicable Supreme Court precedent is not per se objective unreasonableness. *Early v. Packer,* 537 U.S. 3, 8, 11, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

We look to California's last reasoned decision, the decision by the California Court of Appeal. *See Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000). That decision recognized that Peggy Evans had given important trial testimony recounting statements made by her friend Charlene Martinez, with whom she cleaned houses. Those statements tended to show that Martinez was involved with Day in a conspiracy to manufacture methamphetamine. The decision held that the statements were admissible because, though hearsay statements, they were made by a co-conspirator in furtherance of the conspiracy. *See* Cal. Evid.Code § 1223. The decision explained that some statements Martinez made furthered the conspiracy because they sought to enlist Evans' help in acquiring some of the ingredients for methamphetamine manufacture. Other statements furthered the conspiracy because they requested Evans' help to hurry a cleaning job so Martinez could meet with her conspirators. Still others furthered the conspiracy because, by keep-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ing Evans informed, they gave Martinez someone to rely on if things went wrong.

*Ohio v. Roberts* sets the framework: hearsay statements are admissible (1) if they fall within a firmly rooted exception to the hearsay rule or (2) on a showing of particular indicia of reliability. 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The Supreme Court has recently held that testimonial hearsay evidence is generally inadmissible, but Martinez' statements were not testimonial. *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 1364, 1374, 158 L.Ed.2d 177 (2004); *Parle v. Runnels,* 387 F.3d 1030, 1037 (9th Cir.2004).

With respect to *Roberts'* first prong, the Supreme Court has held that a firmly rooted exception to the hearsay rule permits admitting statements made by conspirators in furtherance of the conspiracy. *Bourjaily v. United States,* 483 U.S. 171, 183, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). The California Court of Appeal's conclusion that some of Evans' testimony was admissible was not objectively unreasonable under *Bourjaily.* Even if the state trial court erred in admitting the rest of Evans' statements, such error was harmless. We reverse the grant of habeas relief.

REVERSED.